### AMITY, The. (MOODIE v.)

[See Moodie v. The Amity, Case No. 9,741.]

## Case No. 333.

### AMORY v. AMORY.

[18 Int. Rev. Rec. 149; 12 Amer. Law Reg. (N. S.) 585.]

Circuit Court, E. D. Wisconsin. 1873.

CIRCUIT COURTS—JURISDICTION —ENJOINING ACTS BY EXECUTORS — SETTING ASIDE JUDGMENT OF STATE COURT—FRAUD — CONSTITUTIONAL LAW— LEGISLATIVE POWERS.

[1. Mrs. A. brought suit against A. for divorce in New York, where a decree was entered against her declaring that she had never been legally married to A. Thereafter A. died, and his will was admitted to probate in Wisconsin. Mrs. A. contested the probating of the will, and appealed to the circuit court of the county. where she alleged that the decree against her in the divorce case had been obtained by the fraud of her attorney. From a judgment in her favor in that court. the executors appealed to the state supreme court, which decided that the New York decree must be taken as conclusive as to her status, and that her appeal must be dismissed. Held. that Mrs. A. could maintain in a federal circuit court (diverse citizenship being shown) a bill in equity to restrain the executors from setting up or using the will to defeat her legal rights as A.'s widow. Amory v. Amory, Case No. 334, overruled.]

[See note at end of case.]

[2. The decree of the New York court was not conclusive as to the marriage, but Mrs. A. could get rid of it by showing it to have been fraudulently obtained, without having it vacated in New York. Amory v. Amory, Case No. 334, overruled.]

[Cited in U. S. v. Norsch, 42 Fed. 418. Distinguished in Osborn v. Michigan Air-Line R. Co., Case No. 10.594.]

[See note at end of case.]

This was a bill in equity, originally filed in the circuit court of Fond Du Lac, and transferred thence to the circuit court of the United States, praying for an injunction to restrain the executors of the last will and testament of James Amory from setting up or using the said will to defeat the legal rights of the complainant. The judges of the circuit court were divided in opinion as to whether a demurrer to the bill should be sustained.

J. M. Gillet, for complainant.
S. W. Pinney, for respondent.

Before DRUMMOND, Circuit Judge, and MILLER, District Judge.

DRUMMOND, Circuit Judge. On the 16th of August, 1861, James Amory died at Fond Du Lac, in this state, possessed of considerable personal and real estate, part of which was in Wisconsin. In September following Samuel B. Amory and John Amory, the brothers of James, presented in the county court of Fond Du Lac county a will, and asked that it be probated. Some time afterwards the present plaintiff appeared by counsel in that court, claiming to be the widow and heir of James Amory, and objected to the probate of the will, and asked for time to show that it was not the will of James Amory, and should not be probated. The case was continued from time to time until the 18th of December, when a further application was made by her for a postponement, but it was refused, and the will was admitted to probate by the county judge. Thereupon she appealed to the circuit court of the county, and the case went up to that court, and in the circuit court the executors of the will claimed that she had no right to appeal, on the ground that she had not been the wife of James Amory, and therefore had no interest in the estate, and for the purpose of establishing that, they introduced a record from the state of New York of proceedings in divorce, in which she had made an application against James Amory for a divorce on various grounds, and in which it appeared that one of the questions made in the case was whether in point of fact she was the wife of James Amory, it being alleged that at the time she was married to James Amory, in March, 1846, she had a husband living, and the court found the fact to be so, and for that reason, as it appears, the divorce was not granted and the bill was dismissed. This, of course, if true, shows that she had no interest in the property, but that she was a stranger, and had no right to appear or interfere with the estate of James Amory. She then alleged that the decree introduced from New York was obtained by the fraud of her attorney, and she asked that the question should be submitted to a jury, whether or not it was a fraudulent decree.

The circuit court ordered the issue of fact to be submitted to a jury, and then refused to dismiss the appeal, denying in other words the application of the executors. Thereupon, under the practice which prevails in this state, the executors took an appeal from the order of the court refusing to dismiss the appeal to the supreme court of the state. The case remains just as it was with the application on the part of the plaintiff for a trial by jury, granted by the court with various affidavits that were filed, and everything connected with the case as it was; the only question taken to the supreme court being whether the appeal should

have been dismissed. The supreme court decided that the circuit court ought to have dismissed the appeal on the ground that the record from New York was conclusive that she never was the wife of James Amory, and therefore that she had no interest in the estate, and directed the circuit court to dismiss the appeal. The case was then remitted to the circuit court, and, in compliance with the order of the supreme court, the circuit court dismissed the appeal. Shortly after the present plaintiff commenced a suit in the circuit court of Fond Du Lac county, and some time afterwards that suit, which is this suit, was transferred under the act of congress of 1867, before a complaint or any bill was filed, to this court, and after its transfer to this court the bill was filed, which is now the subject of demurrer.

Now there may be perhaps a question whether it was competent for the plaintiff, after the case had been thus dismissed under the order of the supreme court of the state, to make an application to the circuit court to get rid of the will which was thus established. Had she that right on the ground that the decree was obtained by fraud? I think she had. I do not think that question had become res adjudicata. Concede that the opinion of the supreme court is right, that the parties there might have tried the question upon the affidavits instead of an issue by a jury, and that that was a proper practice, the answer to it is, that it never was tried in that way. The plaintiff never submitted that issue upon affidavits, never asked for the decree of the court upon that issue upon affidavits, and therefore she was not precluded from making an application to the state court to have that issue tried in a proper way. She did ask that it be tried by a jury. Her appeal had been dismissed on the ground that she had no interest whatever in the subject-matter of controversy. Now, is it possible that this can be so? Is there no remedy in such a case? Suppose the case of a woman living in New York: a man owns an estate in Wisconsin and dies there; a will is presented, made by him as is alleged; it is probated, she comes forward and claims that she was the wife of the man who is thus dead. Can it be that without any notice to her, without, it may be, even her knowing that her husband is dead, she cannot have an opportunity of determining whether or not this is a will which divests her of any legal rights which she might possess? Can it be that because a will has been probated without her knowledge she cannot have an opportunity of being heard? How is she to be heard under the practice in this state? As I understand it she can be heard at law only by appeal. If she has no appeal, can she apply to a court of equity and obtain an order from a court of equity that this supposed will, if it was not in fact the will of her deceased husband, shall not be used

against her to prejudice her rights? I certainly do not see why.

Now while that is not the case here, her appeal had been summarily cut off and disposed of by the supreme court of the state, without any trial upon the issue which she tendered. And she had the right, in my opinion, to present her case on the equity side of the circuit court of this state to prevent these parties who had that probated will from using it to her prejudice, if in fact it was not a will. If that is so, she had the right to apply to this court, and to transfer her cause from a state court to the circuit court of the United States. Otherwise, the supposed safeguards which the constitution and the laws of the United States have thrown around the citizens of other states, become in such a case completely nugatory. That never could have been the intention of the constitutional provision and the acts of congress upon the subject.

Again: It is not necessary for us to determine now upon a demurrer to this bill whether all the relief that is sought for can be given. If any relief claimed by the plaintiff can be given, the demurrer should be overruled. This plaintiff claims to be the wife of James Amory. It appears upon the face of the bill that the will was set up against her and probated. He had no children. If he made no will, she, if his wife, was his heir under the law of this state. If he made a will, the devisees became his heirs. But he even by his will could not divest her of her rights of dower. If she was his wife she had a right that existed entirely independent of the will, and with which the probating of the will had nothing to do. And if his wife, she could come into the courts of this state and enforce her right of dower. Now if she does that, what bar is there to such an application? The bill says that the bar will be this record from the state of New York, which of itself would be prima facie sufficient, showing that she never was the wife of James Amory. But when she alleges that this decree of the New York court is void, because it was obtained by fraud, and established that fact, then she is entitled to relief independent of all considerations of the will, so far as her right of dower is concerned, unless, indeed, independent of the decree, they show that she was not the wife of James Amory.

It is enough to say that I think in the bill there are allegations sufficient, if sustained, to show that the decree of the court of New York was obtained by fraud. The particulars of the fraud are set forth in the bill. Among other frauds it is alleged that the very framing of the decree was fraudulently made by a person who apparently was acting as her attorney, but who was employed and feed by James Amory himself against her. If that is so, it cannot be controverted, I think, that when she makes an application in this court or any court of the state for her rights of dower, and they interpose this decree, she has the right to show that it is of no effect, so far as the question of marriage is concerned. And if that is so, it does not affect this question of the probate of the will. I admit that as a general rule the probate of a will is to be treated as conclusive, certainly, wherever it comes up collaterally, but I am not prepared to admit that where a party has been so summarily dismissed from pursuing a remedy which the law furnished—to show that there was no will, and it was improperly probated—is without any redress by a direct application to a competent court to prevent the use of that will against the enforcement of all legal and equitable rights. A case recently came before the supreme court of the United States upon an application of a distributee against an administrator for the distribution of an estate, and the objection was taken that the party must go to the state court, as that was a matter entirely within the jurisdiction of the probate court, and that an application could not be made to the federal court although a party was a citizen of another state; and the court say such a rule would deprive the citizens of the several states of some of the rights which the constitution and the laws confer on them. Payne v. Hook, 7 Wall. [74 U. S.] 425. But it is scarcely competent for the legislature of Wisconsin to deprive a citizen of any other state of his legal or equitable rights, under the constitution and laws of congress, by declaring that they must be enforced in a local court.

In the Gaines case [Gaines v. New Orleans, 6 Wall. (73 U. S.) 642] there was a will of Daniel Clark, dated in 1811, which was probated in the upper court of Louisiana, and the executors went on and sold property, and placed the parties in possession. And Mrs. Gaines claimed under a subsequent will of 1813. She sought to enforce her rights in the federal courts, and they held that the probate of the will of 1813 revoked of itself the will of 1811. In Gaines v. Chew, 2 How. [43 U. S.] 650, the supreme court intimate that it was competent for a court of chancery to protect the rights of the plaintiff. It was suggested that those rights existed notwithstanding the probate of the will of 1811, although the will of 1813 had not been at that time probated.

These defendants in this case are residuary legatees under the will of James Amory. They claim all the real estate in this state. The plaintiff, if she be the wife of James Amory, has the right to come into court to enforce her rights of dower, to say the least. How can she not, if she is the wife of James Amory, prevent these parties from using this decree of the New York court against her if it is void or of no effect? I am not prepared to admit the rule contended for, that it is indispensable she should go into New York and have the decree vacated there.

I say if it is used here where she seeks to enforce her rights, that she has the power to get rid of it by showing that it is fraudulent without going into the state of New York and having it vacated. And when the court of Louisiana admitted to probate the will of Daniel Clark of 1813, they did it with the express reservation that any person might attack it by a direct proceeding whose rights were affected by it, and the supreme court of the United States in adjudicating the case of Gaines v. Hennen, in 24 How. [65 U. S.] 558, stated the same rule as applicable to the will. They proceeded upon the basis that any person by a direct proceeding could attack the will of 1813 which had been probated by a state court. So that taking all the facts, together, I am not prepared to say that the demurrer to this bill should be sustained, and that there is no equity, and while admitting there may be a question whether the party should not apply to the circuit court of the state instead of coming here by way of review to have the appeal set aside so far as relates to the probate of the will, I have no doubt that the bill can be sustained on the ground that she is entitled to dower if the decree was obtained by fraud in the state of New York, and as to a bill of review there possibly might be difficulty. In the state court her appeal was dismissed. There was no issue between the parties; the plaintiff never has submitted the issue or tried the question of fraud upon an issue even upon affidavits, as I understand the case. And as I said, I think it a case for the equitable interposition of the court. At any rate I leave this as a question that might come up hereafter. On the other point, that of dower, I have no doubt.

Counsel having asked what was the effect of the disagreement in the opinion of the court:

Judge DRUMMOND.—The law provides, where the judges are opposed in opinion, the point shall be certified to the supreme court, provided that the case may proceed, if in the opinion of the court it can be done without prejudice to the merits. My impression is at present that the case had better proceed; the parties can stand by their demurrer if they choose, and the plaintiff go on and make the proof, or of course the demurrer can be withdrawn, and in that case the point could be made by answer, just as well as by the demurrer, and then the question would come up on the final hearing.

Judge MILLER.—I think the bill will have to be dismissed, and the parties take their appeal.

Judge DRUMMOND.—I will be perfectly willing to certify it up, provided it can be done, but I am satisfied that it cannot be done.

Judge MILLER.—I do not think it is a case

proper to be certified up, either. That is my view.

[NOTE. This case was heard before Drummond, circuit judge, and Miller, district judge. The latter was of the opinion that the demurrer should be sustained and the bill dismissed. His opinion will be found in Amory v. Amory, Case No. 334. The hearing was before the passage of Act June 1, 1872, (17 Stat. 196,) as to which the note to this case in the American Law Register for September, 1873, is erroneous, but no certificate of disagreement had been signed when that act passed. The demurrer was overruled, with leave to answer. On final hearing, the bill was dismissed. See Amory v. Amory, Case No. 335.]

